## S. R. WAYNE & J. B. WAYNE *vs.* SHERWOOD.

S. being the owner of a canal boat, made a conditional sale thereof to the defendant, but the title was not to pass, or be transferred, until certain promissory notes, given by the defendant for the purchase money, should be paid. The defendant then transferred his right, and delivered the boat to B. upon the express condition and agreement that B. would pay such promissory notes. B. made an absolute sale of the boat to the plaintiffs, and warranted the title, without their having any notice of S.'s claim; and B. received the full pay therefor. The plaintiffs, having paid the amount of the notes, to S., and taken indorsements of the same, from him, without recourse, brought an action thereon. *Held,* that in equity the boat was the fund for the payment of the notes; that the plaintiffs, were the assignees of both B. and S., invested with the rights and subject to the responsibilities of each, as to the defendant; and that while they held the fund as their own, the notes must be regarded as satisfied, in their hands; and that consequently the action would not lie.

APPEAL by the plaintiffs, from a judgment entered upon the report of a referee. The complaint was upon seven promissory notes, each of $100, and each payable to the order of Frederick Silence at the Rochester City Bank, and each bearing date October 28, 1847; on which the plaintiffs claimed to recover $819,70. The defendant, by his answer, denied all indebtedness to the plaintiffs. He also denied that the notes had been transferred to the plaintiffs; or that they were the holders or owners of the notes; or that the same were due and unpaid. And he alledged that each and all of said notes had been paid by him, the defendant; and that on the 15th of March, 1848, he sold and delivered to one Charles Bates of Clarkson, the canal boat "Emory," on which sale the said Bates assumed and undertook to pay the said notes as they should respectively fall due; that subsequently the said Bates sold and delivered the same boat to the plaintiffs, who assumed to pay, discharge, and satisfy said promissory notes as they should fall due; that at that time the said notes were in the hands of, and owned by one Frederick Silence, the payee in the said notes named. The plaintiffs in their reply denied that the notes had been paid; or that by any agreement or undertaking with Charles Bates, or with any other person or persons, they assumed to pay, discharge, and satisfy the said notes. They also denied that the said notes were taken up; and the amount paid Frederick Silence, in pursuance of any agreement, understanding, &c.; and they denied that the defendant was released from the payment of the said notes; or that the plaintiffs had received any consideration from any person, and assumed to pay said notes, &c. The cause was referred to a referee, and heard by him; who reported in favor of the defendant.

*S. B. Jewett*, for the appellants.

*O. M. Benedict*, for the respondent.

*By the Court*, JOHNSON, J. After a careful consideration of this case, I have come to the conclusion that the decision of

Wayne *v.* Sherwood.

the referee is clearly correct and must be sustained. The case is briefly this. Silence owned the boat, and made a conditional sale to the defendant, which sale would be complete, so as to vest the title to the boat in the defendant, upon the payment of the notes in question upon which this action is brought. Until the notes were paid, the defendant had the equitable title only as between him and Silence, and his situation was analogous to that of a mortgagor of personal property. The defendant then sold his right to Bates, and delivered the boat, upon the express condition that he, Bates, should pay the notes. The equitable title was then in Bates, liable to be forfeited by the non-payment of the notes. Bates then sold the boat to the plaintiffs and warranted the title, by an express warranty. But the plaintiffs, by this purchase and warranty, obtained no title to the boat, at least none which they chose to assert against Silence. They only obtained the right to acquire the legal title, upon the payment of the notes to Silence. The notes in the hands of Silence represented the legal property and title in the boat. In order to obtain the title, therefore, and make the purchase complete in fact as well as in form, the plaintiffs concluded to advance to Silence the amount of the notes, and thus the legal and equitable title were again united in them.

They did voluntarily what their vendor was bound to do, as between him and the defendant. Whether the notes were in fact paid to Silence, or merely transferred by him to the plaintiffs, on receiving from them the amount due, makes no difference, except as it determines the question whether the defense is of a legal or equitable character. If it was a payment, the defense is a legal one, the notes were canceled, and no action can be maintained. If they were not paid, but were transferred to the plaintiffs for the express purpose of keeping them alive, then the question is whether the plaintiffs, having acquired the legal title by advancing the money, can hold the entire interest in the boat as against the defendant and recover the purchase price of him also.

We have several times held in this district that an equitable defense might be set up to defeat an unjust recovery in a legal

action.   Had the defendant paid Silence, he would have acquired the legal title to the boat, according to his contract.   And then Bates could have perfected his title in no other way than by paying to the defendant the amount he has agreed to pay to Silence.   It is clear, I think, that Bates, by undertaking to transfer a title which he had not, but which was still in another, could not . place the defendant in any worse situation than he was in before such transfer.   And the plaintiffs acquired no rights other than Bates had.   They are in equity the assignees merely of Bates' interest, and took that interest subject to all the equities between him and the defendant.   It results therefore in this, that if the plaintiffs collect the notes of the defendant, he, the defendant, will be entitled to the boat from them, according to his agreement with Silence, whose obligations in this respect they have assumed, being the assignees of his rights.

It would be grossly inequitable to permit the plaintiffs to recover the amount of the notes, and keep the boat, and then drive the defendant to prosecute Bates for not paying the notes according to his agreement.   This would be . placing the defendant in a position that neither Silence nor Bates ever could have placed him in.   Bates never could have acquired the title without the payment of the notes, and if Silence had compelled the defendant to pay under the contract, the title would *eo instanti* have vested in the latter, and then had he brought his action against Bates, upon the agreement to pay, and collected the amount, the title would have vested in Bates according to the condition of the original agreement to sell.   There is no privity of contract whatever between the plaintiffs and the defendant except as the plaintiffs are the assignees of Silence. And the obligation on the part of the defendant to pay the purchase price of the boat, is balanced by a corresponding obligation on the part of Silence and his assignees, to transfer the title to the boat upon such payment.   Complete equity is therefore done now between all the parties to the transaction, except as between the plaintiffs and Bates.   And he is liable to them on the breach of his warranty of title.

It is true that equity will subrogate the plaintiffs to all the

Wayne v. Sherwood.

rights of Silence, but it will impose upon them all his obliga-tions also. Had these plaintiffs purchased the boat of the de-fendant with warranty of title, instead of Bates, they would then have stood in precisely the position in which they claim to stand now. But the equities between Bates and the defendant inter-vene as an insurmountable barrier to the validity of such claim. The boat, in equity, was the fund for the payment of these notes. The plaintiffs are the assignees of both Bates and Si-lence, invested with the rights and subject to the responsibilities of each, as to the defendant, and while they hold the fund as their own, the notes must be regarded as satisfied in their hands.

It is insisted by the plaintiffs' counsel that the case does not show that the defendant sold the boat to Bates, subject to the payment of these notes to Silence, and that the referee unwar-rantably assumed that fact. The whole case turns upon this point, and if no such fact appears, the defense fails. Because in the absence of all evidence, I think the presumption would be, that Bates, having bargained for the boat with the defend-ant, and taken the delivery, and retained possession, the latter undertook to dispose of the entire boat, and not a mere equitable interest.

The law infers that the rights acquired by a purchaser are as complete as the change of possession indicates, where the terms and conditions of such sale are not disclosed. But this fact is fully admitted by the pleadings. The defendant in his answer alledges that he sold the boat to Bates, and that Bates under-took and agreed to pay these notes, and that Bates sold to the plaintiffs, who also agreed to pay the said notes. The plaintiffs in their reply deny explicitly that they agreed with Bates to pay these notes, but carefully omit to controvert the other part of the allegation, that Bates agreed to do so, in his purchase from the defendant. The allegation is material, and its truth is admitted by the omission to controvert it.

The question of fraud as against the defendant in favor of a bona fide purchaser, does not arise in the case. If the plaintiffs intended to set that up they should have done so against the claim of Silence. But having paid off Silence, or purchased in his

title, they are bound to take notice of the equities of the defend-ant, against Silence.

The decision of the referee was correct, and the judgment must be affirmed.

[Monroe General Term, March 7, 1853. *Seldon*, *T. R. Strong*, and *John-son*, Justices.]